Matilda C. Jantzen, Individually and as Ex-ecutrix, etc., Respondent, v. Helen J. Nelson and Others, Appellants.— Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.—
FOLLETT, J.: On the 22d of October, 1885, the plaintiff executed to Nathaniel S. Smith a bond and mortgage to secure the payment of $1,700 on the 20th of October, 1886, with in-terest at the rate of six per cent per annum, payable semi-annually. The mortgage cov-ered the lot at the northeast corner of Second avenue and Sixth street. The mortgagor executed a statement which was annexed to

the mortgage, of which the following is a copy:

| | |
|---|---|
| "Note for $700, June 15, 1885 ...... | $710 58 |
| "Less received for discount........ | 6 00 |
| | $704 58 |
| "Less 2 days' interest on mortgage, it being dated Oct. 20th, and transaction closed Oct. 22...... | 1 12 |
| | $703 46 |
| "Drawing bond and mortgage and recording same................ | 8 00 |
| | $711 46 |
| "Vernam & Co.'s check for........ | 918 54 |
| | $1,630 00 |
| "H. A. Nelson's check for........· | 70 00 |
| | $1,700 00 |

"The above is correct.
"Dated Oct. 22, 1885.
                "MATILDA JANTZEN."

It is admitted that this statement is correct, and sets forth the consideration of the bond and mortgage which was furnished by Homer A. Nelson to whom the bond and mortgage were assigned on the day of their date. On the 15th of November, 1890, the plaintiff executed to Homer A. Nelson a bond and mortgage to secure the payment of $3,875 on the 1st day of January, 1891, with interest at the rate of four per cent per annum. This mortgage covered the same premises described in the first and no other. Annexed to it is a statement which the plaintiff admits she executed, of which the following is a copy:

| | |
|---|---|
| "Nov. 15th, 1867, cash loaned...... | $1,775 00 |
| "Interest to Nov. 15th, 1890, at 4 per cent per annum ................ | 213 00 |
| "Jan. 2d, 1890, cash loaned ........ | 227 00 |
| "Cash loaned ...................... | 1,600 00 |
| "Interest on cash, two items at 4 per cent per annum............ | 60 90 |
| | $3,875 90 |

"Bond and mortgage, dated Nov. 15th, 1890, executed for $3,875, to secure the payment of the above, all of which money was loaned to me as executrix, and for the protection of the property of the estate of Joseph Jantzen, deceased.
"Dated.
                "MATILDA C. JANTZEN,
            "As Executrix and Individually."

On the 28th of April, 1891, Homer A. Nelson died leaving a will, which, being contested, the defendants were duly appointed temporary administrators of his estate. Afterwards the will was admitted to probate, and on July 2, 1891, letters of administration with the will annexed were issued to the defendants. On May 6, 1891, both mortgages and the assignment of the first were duly recorded. A controversy arose as to whether both mortgages were outstanding and due from the plaintiff to the defendants, and the plaintiff, being desirous of obtaining a larger loan on the premises, on the 28th of July, 1891, paid both mortgages to the defendants, who at the time executed the following agreement:

"This is to certify that the administrators of the estate of Homer A. Nelson, deceased, have, this 28th day of July, 1891, received of Matilda C. Jantzen, individually and as executrix under the last will and testament of Joseph Jantzen, deceased, the sum of six thousand two hundred and seventy-two 13-100

dollars ($6,272.13), in payment and satisfaction of the principal and interest of two certain bonds and mortgages held by said administrators as part of the assets of estate of said Homer A. Nelson, deceased, viz.:

| | | |
|---|---|---|
| "Bond and mortgage Oct. 22, 1885, to secure.............. | $1,700 00 | |
| "Interest on the same from date thereof to this date.......... | 588 20 | |
| | $2,288 20 | |
| "Bond and mortgage Nov. 15,1890,to secure $3,875 00 | | |
| "Interest on same from date thereof to this date ................ 108 93 | | |
| | $3,983 93 | 3,983 93 |
| | | $6,272 13 |

"And whereas said Matilda C. Jantzen claims that said first-named bond and mortgage of $1,700.00 has been fully paid and satisfied, the said administrators agree that, upon satisfactory proof to them of such payment of said bond and mortgage, they will repay the sum paid to them as aforesaid, viz.: two thousand two hundred and eighty-eight 20-100 dollars ($2,288.20), to said Matilda C. Jantzen, but without interest thereon exceeding the rate of three per cent per annum. (Executed in duplicate.)
                "HELEN J. NELSON,
                "LAURA NELSON,
                "BENJAMIN M. FOWLER,
                "MATILDA C. JANTZEN,
        "Administrators, etc., of H. A. Nelson, dec'd, by Benjamin M. Fowler."

On the 7th of April, 1892, this action was brought to recover $2,288 20, the amount paid on the first mortgage, with interest at the rate of three per cent, pursuant to the stipulation contained in the foregoing agreement, the plaintiff alleging that the amount secured by the first mortgage formed part of the consideration of the second and was so merged and paid. To establish this cause of action, the plaintiff offered in evidence the bonds and mortgages and the agreement of July 28, 1891, and called the person who acted as the stenographer and typewriter of the testator, who testified that the testator dictated to her the second bond and mortgage, at the same time producing the first. She also testified: "I had a conversation with Judge Nelson the day he dictated this new mortgage; he said to me that he would like to dictate a mortgage, and when I got in there to his desk, he said, 'This is the old mortgage which I want to include in the new mortgage,' and also stated, 'I don't care here nor there, but Mrs. Jantzen wants a mortgage covering—' He said, 'I have advanced her additional money to this old mortgage.' I didn't know at that time what the amount of that was, and in dictating this last mortgage he said, 'This embraces the first mortgage.' He gave me the old mortgage to copy from, and gave me in dictation what I made out in the last mortgage, which made a new mortgage embracing the old mortgage in this new one. The new mortgage covered the identical ground covered by the old mortgage, except the date and amount; it covered the same property and embraced the amount of the first mortgage." This witness testified on cross-examination that she did not know the items which made up the consideration of the second mortgage, but that the mortgagee told her that the $1,700 was paid by it. This was all the

evidence of payment of the first mortgage given on the trial. The defendant asked the court to charge: "I ask your honor to charge the jury that there is no proof of the payment of the first mortgage, or any part thereof, pleaded or proven, except by including it in the second mortgage." This was refused and an exception taken, which was error. Whether the amount secured to be paid by the first mortgage formed part of the consideration of the second and was so paid, was the only issue; and we think the court erred in refusing to call the attention of the jury to that issue, and in refusing to direct them to confine their attention to it. The first item in the statement attached to the second mortgage is: "Nov. 15, 1887. Cash loaned, $1,775; interest at 4 per ct. for 3 years, $213. $1,988." It was proved and admitted that this item was loaned by the check of Vernam & Co , dated November 15, 1887, for $1,775, payable to the order of H. A. Nelson, and by him indorsed to the plaintiff. The second item in the statement is: "Jan. 2, 1890. Cash loaned, $227; interest thereon to date of mortgage, $7.88. $234.88." A check drawn by Homer A. Nelson, January 2, 1890, for this sum, payable to the order and indorsed by the plaintiff was proved. The third item in the statement is: "Cash loaned, $1,600." It was proved that Homer A. Nelson, on January 14, 1890, drew his check for $1,600, payable to the order of and indorsed by the plaintiff. The interest on this item is $33.50. The interest on the second and third items at four per cent amounts to $61.38, and exceeds by forty cents the amount of $60.90 charged in the statement. The plaintiff admitted on the trial, "We received the $1,700 and the $3,875. We don't deny it." The interest on the first mortgage from its date to the date of the second mortgage at six per cent amounts to $516.61, making the amount due $2,216.51, which, added to any of the items making up the second mortgage, will not produce its amount. The first bond and mortgage were found among the papers of the testator at his death. The conclusion which logically follows from these facts, that the first mortgage forms no part of the consideration of the second, was not overcome by the loose and unsatisfactory testimony of the stenographer who drew it, and inevitably leads to the belief that the witness misunderstood the remarks of Mr. Nelson. The testator was a lawyer and was dealing with a client who was a woman; and he took great pains to preserve written evidence of the fairness of his transactions with her. We cannot doubt that the verdict in this case was contrary to the evidence, and it and the order should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. Van Brunt, P. J., and O'Brien, J., concurred.